IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOW ANDERSON,       *Plaintiff* | } } |
| v. | }   CIVIL ACTION NO. H-05-3652 |
| | } |
| AMERICAN TANK AND VESSEL INC. and ZURICH AMERICAN INSURANCE COMPANY       *Defendants* | } } } |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendants American Tank and Vessel, Inc. (AT&V) and Zurich American Insurance Co.'s ("Zurich American") motion to dismiss for failure to state a claim (Instrument No. 5) and motion to abate discovery pending the court's resolution of Defendants' motion to dismiss (Instrument No. 49). For the following reasons, the court **ORDERS** that Defendants' motion to dismiss is **DENIED**. Defendants' motion to abate is **MOOT**.

### I. FACTS

Plaintiff Dow Anderson ("Anderson") injured his back while working for AT&V in Mississippi. After his injury, he returned to his home in Texas and began receiving workers' compensation benefits. Anderson's benefits were administered by Zurich American, AT&V's insurer. Sometime later, a dispute arose when Zurich American denied authorization for a surgical procedure on Anderson's upper spine. Anderson filed a claim with the Mississippi Workers' Compensation Commission ("MWCC") to compel authorization for the procedure, but Defendants agreed to authorize the treatment before any proceedings could take place. After receiving treatment, Anderson filed this suit in Texas state court to recover the damages attributable to the

1

delay in defendants' authorization of his treatment. Defendants timely removed the action to this court based on diversity.

**II. LAW**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). A court dismisses a complaint under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46(1957). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990). A plaintiff must, however, assert more than general legal conclusions to avoid dismissal. *Jefferson v. Lead Industries Assoc., Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Kaiser Aluminum*, 677 F.2d at 1050.

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file" includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins*, 224 F.3d at 498-99.

### III. APPLICATION OF LAW TO THE FACTS

Anderson's theory of liability for AT&V depends on a showing that AT&V was, at least to some extent, self-insured.[1] According to Plaintiff, if AT&V was self-insuring, then Labor Code § 401.011(27) (Vernon's 2006) (general definitions) makes AT&V an insurance carrier subject to the duty of good faith and fair dealing as well as the Texas Insurance Code. Defendants have filed a motion for summary judgment on the issue of whether AT&V was self-insured (Instrument No. 52). The court has not yet ruled on this motion. If decided in Defendants' favor, this motion would dispose of Plaintiff's claims against AT&V. The court will therefore reserve its opinion on the underlying legal theory Plaintiff advances, and, if Plaintiff succeeds in raising an issue of fact as to whether AT&V was self-insured, address the issue in its order on Defendants' motion for summary judgement.

Defendants' motion raises two other grounds for dismissal, neither of which are convincing. The first is that Anderson's claim should be dismissed because the Texas Insurance Code is not applicable to acts committed in Mississippi. Mot. at 5-6. This argument is flawed because Plaintiff's claim does not arise from Defendants' acts in Mississippi. Rather, Anderson's claim revolves

---

[1] Plaintiff acknowledges that his claims should be dismissed if AT&V is determined not have been self-insured. Pl.'s Resp. to Def.'s mot. to dismiss at ¶15.

around Defendants' administration of his benefits in Texas. Defendants' final argument is that Plaintiff cannot state a claim against Defendants for delay in authorizing his medical treatment because the Texas Workers' Compensation Commission never ruled that he was entitled to the treatment. Texas law recognizes a distinction between claims against employers for personal injuries suffered on the job and claims against insurance carriers for misconduct in processing a worker's claim. *Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 214 (Tex. 1988). Despite this distinction, the Texas Supreme Court has held that a final determination by a the Workers' Compensation Commission is a prerequisite to a claim for the wrongful denial of benefits. *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001). The relevant case law does not, however, support a similar requirement when dealing with a claim for wrongful delay in the payment of benefits. In *Fodge*, the Texas Supreme Court explained the logic of requiring a claimant to receive a final determination from the Workers' Compensation Commission before suing for the wrongful denial of benefits. It wrote that

> Because only the Commission can determine a claimant's entitlement to compensation benefits, it follows, as we reasoned in *Saenz*, that "allowing courts to award damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction" and therefore could not be permitted. Thus, just as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due. Accordingly, Fodge could not recover damages for American Motorists' breach of its duty of good faith to pay her medical expenses if she was not entitled to medical treatment. The court could not adjudicate her damages claim without determining her entitlement to medical treatment, a matter within the Commission's exclusive jurisdiction. Her claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted -- negligence, fraud, and statutory violations. To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would, as we said in *Saenz*, circumvent the Commission's exclusive authority to decide that

> issue. The same is true for Fodge's other claims for damages based on a denial of benefits.

*Id.* at 804 (internal citations ommitted). This reasoning is inapplicable to Anderson's claim for delay in the authorization of benefits. Anderson does not seek to recover the benefits guaranteed by the Workers' Compensation Act. Rather, he seeks statutory and compensatory damages related to Defendants allegedly bad-faith delay in processing his claim. Anderson has already succeeded in having Defendants pay for his surgery. Any further proceedings before the Workers' Compensation Commission would therefore be a waste of administrative resources.

## IV. CONCLUSION

For the aforementioned reasons, the court **ORDERS** that Defendants motion to dismiss is **DENIED**. Defendants' motion to abate is **MOOT**.

Signed at Houston, Texas, this 21st day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE