UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DOW ANDERSON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-05-3652 |
| § | |
| ZURICH AMERICAN INSURANCE § | |
| COMPANY, *et al*, § | |
| § | |
| Defendant. § | |

### ORDER

Pending before the court are Plaintiff Dow Anderson's ("Anderson") motion to strike Defendants American Tank and Vessel Inc.("AT&V") and Zurich American Insurance Company's ("Zurich American") joint motion for summary judgment on limitations, or to continue (Doc. 150); and Anderson's motion to strike AT&V's motion for summary judgment, or to continue (Doc. 151).

In his motion to strike Defendants joint motion for summary judgment on limitations, or to continue (Doc. 150), Anderson argues that it would be unjust to allow Defendants to assert limitations at this stage in the proceedings because he has not had the opportunity to take discovery on the issue. Alternatively, he asks the court for a continuance to respond to Defendants' arguments. Anderson's motion (Doc. 150) is **GRANTED-in-part and DENIED-in-part**. Specifically, Anderson's motion to strike Defendants' pleading is **DENIED**. Anderson's motion to continue is **GRANTED**. Anderson will have until **noon on Friday January 19, 2007,** to respond to Defendants' motion. Anderson's response should address the following issue: whether equitable tolling will preserve his insurance code claim if the court finds that

exhausting his administrative remedies before the Mississippi Workers Compensation Commission is a prerequisite to this suit.

Next, in his motion to strike AT&V's motion for summary judgment, Anderson describes a litany of discovery abuses he believes require, at the very least, the reopening of discovery and a continuance. Defendants, conversely, have become ever more strident in their demands that the court sanction Anderson for needlessly duplicating these proceedings. The court **ORDERS** that Anderson's motion (Doc. 151) is **REFERRED** to United States Magistrate Judge Frances Stacy for a hearing to determine whether it should be granted and whether either party should be sanctioned.

Finally, the court **ORDERS** that Docket Call in this case is **VACATED**. The court will, if necessary, reinstate Docket Call after having ruled to Defendants' pending motions for summary judgment.

Signed at Houston, Texas, this 11th day of January, 2007.

Melinda Harmon
United States District Judge