IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOW ANDERSON, } | | |
|     *Plaintiff* } | | |
| v. } | | CIVIL ACTION NO. H-05-3652 |
| } | | |
| AMERICAN TANK AND VESSEL INC. } | | |
| and ZURICH AMERICAN INSURANCE } | | |
| COMPANY } | | |
|     *Defendants* | | |

**MEMORANDUM OPINION AND ORDER**

I. Introduction

This is an administration of insurance benefits case arising out of an injury that occurred in Mississippi. Defendant American Tank and Vessel Inc. ("AT&V") was Plaintiff Dow Anderson's ("Anderson's") employer at the time. Defendant Zurich American Insurance Co. ("Zurich American") is AT&V's workers' compensation insurer. During the pendency of this litigation the defendants have moved for summary judgment many times. (Dkt. 52, 141, 142, 183) Plaintiff has recently joined the fray by filing his own motion for partial summary judgment. (Dkt. 181.) The docket sheet in this case is approaching two hundred entries. Until now, the court has hesitated to rule on defendant's motions because of Plaintiff's entreaties for additional discovery. That time has passed. Rather than consider each of Defendants' motions independently, the court will note each parties' first motion for summary judgment and consider subsequent motions seeking the same relief as responses, replies, sur-replies etc. Pending before the court are the following motions:

- AT&V and Zurich American's motion for complete summary judgment (Dkt. 52.);

- AT&V and Zurich American's motion for reconsideration of the court's order on Defendants' motion to dismiss (Dkt. 88.);

1

• Anderson's motion for summary judgment (Dkt. 181.).

For the following reasons, the court **ORDERS** that: (1) Anderson's claim for Negligent Misrepresentation is DISMISSED; (2) Anderson's claims against AT&V for bad faith and under the insurance code are DISMISSED; and (3) Anderson's claims against Zurich American for bad faith and under the insurance code are STAYED.

I. Relevant Facts

Because AT&V and Zurich American have moved for summary judgment under Rule 56, the court must, when examining the evidence, draw every reasonable inference in Anderson's favor. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986).

Anderson worked as a fabricator of large metal vessels for commercial applications. In the early summer of 2002, he took a job with AT&V as an assistant foreman in McComb, Mississippi. While working in Mississippi, Anderson injured his cervical spine. The injury caused intense pain to radiate from his neck down his arm. He was examined at a nearby emergency room and reported his injury to AT&V's safety officer. After several days, he returned to his home in Crosby, Texas. Anderson estimates that he returned to Texas in late June 2002.

At the time of Anderson's injury AT&V maintained a workers' compensation insurance policy with Zurich American ("the Policy"). (Policy Dkt. 142 Ex. A.) The Policy was purchased through Zurich American's broker, Willis of Alabama Inc. ("Willis"), in 2002. It provides that Zurich American will insure all of AT&V's workers' compensation liability. (Odom Aff. ¶ 2; Policy Part 1 § B) It further provides that Zurich American has sole claims settlement authority and that AT&V has no control over the administration of workers' compensation benefits. (Odom Aff. ¶ 2; Policy Part 1 § C.)

After returning to Texas, Anderson was contacted by a Zurich American claims adjuster named Carmen Judd ("Judd"). (Anderson Aff. ¶ 7 Dkt. 182 Ex. 2.) Judd told him she would be responsible for adjusting his workers' compensation claim and that he was only eligible to apply for benefits in Mississippi. (Anderson Aff. ¶ 7.) Anderson now claims that but for Judd's representation he would have filed for benefits in Texas. (Anderson Aff. ¶ 7.)

In January 2003, a dispute arose over whether Anderson should receive back surgery. The dispute began when Dr. Stephen Esses, Anderson's doctor, sought to pre-certify him for surgery to fuse part of his spine. (Anderson Aff. ¶ 10.) Zurich American denied pre-certification on the basis that surgery was not medically necessary. (Denial Dkt. 58, Ex. 1.) During the next nine months, Anderson unsuccessfully appealed this determination. (*See* denials of requests for reconsideration Dkt. 58 Ex. 2, 3.) Finally, on September 22, 2003, he filed a petition to controvert (Dkt. 139 Ex. A.) before the Mississippi Workers' Compensation Commission ("MWCC"). Nine days later, Zurich American authorized the surgery, finding for the first time that it was medically necessary. (*See* Certification Dkt. 58 Ex. 5.) Zurich American then sent a letter to the MWCC (Dkt. 138 Ex. 5.) requesting that the proceedings be held in abeyance because "no further issues remain to be litigated between the parties at this time."

Doctor Esses successfully performed the surgery to fuse Anderson's spine on October 14, 2003. As a result, Anderson claims his condition improved but was not cured. (Anderson Aff. ¶ 19.) Anderson claims that as a result of the delay in surgery he is permanently disabled. (Compl. Anderson Aff. ¶ 20).

Anderson filed this lawsuit on September 8, 2005. He seeks the damages attributable to Zurich American's delay in authorizing his surgery. His amended complaint also states claims for

bad faith, insurance code violations, negligent misrepresentation and declaratory judgment. Since the surgery, Anderson's claim before the MWCC has been held in abeyance. It is currently scheduled for a hearing on March 30, 2007, to consider Anderson's eligibility for permanent disability benefits. (Notice of Hearing Dkt. 139 Ex. J.)

III. Law

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. He meets this burden only if he shows that "a reasonable jury could return a verdict for the non-moving party." *Id.* at 254. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id.* at 252.

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), citing *United States v. Diebold*, 369 U.S. 654, 655 (1962). Once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead he must produce evidence upon which a jury could reasonably base a verdict in his favor. *Anderson*, 477 U.S. at 249. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, 477 U.S. at 249-50. Moreover the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing*

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

IV. Analysis

Defendants' motions raise a variety of issues. Some of these have been addressed by the court in previous orders and will not be revisited.[1] The remaining issues are, first, whether Anderson has exhausted his administrative remedies, second, whether his claims are time barred and, third, whether he has shown that AT&V was at least partially self insured or retained authority over claims administration. The court will address each issue in turn.

A. Exhaustion

Defendants' urge the court to reconsider its ruling that Anderson need not seek a final determination from the Texas Workers' Compensation Commission ("TWCC"). (Mot. Recon. ¶ 5.) They argue that the Texas Supreme Court's decision in *American Motorist Ins. Co. v. Fodge*, 63 S.W. 3d 801 (2001) is dispositive (Mot. Recon. ¶ 3.) and that this court should have granted their motion to dismiss. (Mot. Recon. ¶ 5.)  *Fodge* held that a Texas workers' compensation claimant could not maintain a bad faith or statutory claim for wrongful denial or delay in the payment of benefits without first receiving a favorable determination from the TWCC. *Fodge* at 804.

*Fodge* is distinguishable because it dealt with an individual who sought benefits under the Texas Workers' Compensation Act. The Court specifically reasoned that exhaustion was required because the Act vested exclusive jurisdiction in the TWCC to make benefit determinations. *Id.*  In other words, the result in *Fodge* was mandated by the jurisdictional provisions of the Texas Workers' Compensation Act, not the common law or statutory claims brought by the plaintiff. In

---

[1] For a discussion of why the Texas Insurance Code governs the allegations in Anderson's complaint see the Court's Order on Defendants' motion to dismiss (Dkt. 84).

this case, the Act is not implicated;  Anderson was injured in Mississippi and never claimed benefits in Texas; accordingly, the reasoning in *Fodge* is inapplicable.

The issue of exhaustion is not, however, so easily disposed of.  Mississippi, like Texas, requires workers' compensation claimants to receive a final ruling before bringing their bad faith and statutory claims. *Walls v. Franklin Corp. et al*, 797 So. 2d 973, 977 (2001).  In this case, Anderson brought suit without receiving a final determination from the MWCC; therefore, his claims would be barred in Mississippi. To allow Anderson to proceed here without seeking a final determination from the MWCC would impinge on that body's exclusive jurisdiction under Mississippi law.

Before Anderson can prevail on his claim, he must establish that the surgery requested by Dr. Esses was reasonable and necessary in January 2001.  Such a finding can only be made by the MWCC.  Accordingly, Anderson's bad faith and Insurance Code claims, counts three and four, are stayed pending a final determination by the MWCC.

    B.  <u>Limitations</u>

Defendants claim the statute of limitations ran on Anderson's negligent misrepresentation, bad faith, and insurance code claims before he filed suit on September 8, 2005. (Defs.' Mot. Summ. J. ¶ 1(k) Dkt. 141.)  Specifically, Defendants argue that Plaintiff's claims, all of which are subject to a two year statute of limitations (*id*. ¶¶ 11, 25, 34), accrued before February 10, 2003 (*id.* ¶¶ 20, 27, 34-36). Anderson responds by arguing (1) that his bad faith and insurance code claims did not accrue until September 23, 2003, the day he discovered he had been denied medical treatment without justification (Resp. ¶¶ 26-27, 47 Dkt. 166) and (2) that his negligent misrepresentation claim did not accrue until September 18, 2003, the day he retained an attorney and discovered he

had been mislead (*id.* ¶ 48).  Finally, Anderson argues that even if his claims are time barred he should benefit from equitable tolling. (*id.* ¶ 49; Supp. Resp ¶ 3 Dkt. 189.)

After reviewing the parties' pleadings, the law and the evidence, the court has determined that defendants are, for the most part, correct. The parties agree that Anderson's claims are subject to a two year statute of limitations. (Resp. ¶¶ 4, 5, 6.); *see also Sabine Towing and Transportation Co., Inc. v. Holliday*, 54 S.W.3d 57, 61 (Tex.App.– Texarkana 2001) (negligent misrepresentation):Tex. Ins. Code § 541.162 (Insurance Code); *Murray v. San Jacinto Agency*, 800 S.W.2d 826, 827 (Tex. 1990) (bad faith).  The court will begin by discussing when Anderson's claims accrued and then consider the applicability of equitable doctrines.

Anderson's negligent misrepresentation claim accrued when Judd represented to him that he was obliged to file for workers' compensation benefits in Mississippi. *See Sabine Towing and Transportation Co. Inc.*, 54 S.W.3d at 59-60 (claim accrues when party authorized to seek judicial remedy).  Defendant's have introduced evidence that Anderson's conversation with Judd must have occurred in November 2002 (Judd Depo. 43:16-22 Dkt. 141 Ex. A.), making Anderson's claim time barred.  Anderson has not contested the he must have spoken with Judd in November, but claims the statute did not begin to run until he learned from his attorney that he was eligible for benefits in Texas.  This discovery rule argument is unconvincing.

The discovery rule tolls the statute of limitations until the plaintiff has knowledge of facts that through reasonable diligence would lead to the discovery of the injury. *Cornerstones Mun. Util. Dist. v. Monsanto*, 889 S.W.2d 570, 576 (Tex. App.--Houston1994).  For the discovery rule to apply, the nature of the injury must be inherently undiscoverable and objectively verifiable. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998).   Here, Anderson's negligent

misrepresentation claim is not subject to the discovery rule exception because Anderson's injury was not inherently undiscoverable; had Anderson exercised due diligence in researching his rights he would have quickly discovered that he was eligible to file for workers' compensation benefits in Texas.  *See Sabine Towing and Transportation Co. Inc.*, 54 S.W.3d at 59-60 ("An injury is inherently undiscoverable if it is the type of injury that is not generally discoverable by the exercise of reasonable diligence.").  Therefore the statute of limitations bars Anderson's negligent misrepresentation claims.

Anderson's bad faith and insurance code claims accrued when Zurich American denied coverage on February 10, 2003. *See Murray*, 800 S.W.2d at 829 (holding that a claim for bad faith denial accrues on the day coverage is denied); *see also Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 100 (Tex. 1994) (holding that Insurance Code claim accrues on day coverage is denied).  Moreover, neither claim is subject to the discovery rule.  At the time of Zurich American's denial, Anderson was in possession of all the facts necessary to assert a claim, and his injury was, consequently, not inherently undiscoverable.

Despite having filed his bad faith and statutory claims more the two years after they accrued, Anderson's claims may still be timely if subject to tolling.  Texas recognizes equitable tolling where a plaintiff is prevented "from exercising his legal remedy by the pendency of legal proceedings." *Weisz v. Spindletop Oil & Gas Co.*, 664 S.W.2d 423, 425 (Tex. App.– Corpus Christi 1983).  Here, the court has already determined that a final determination by the MWCC is a prerequisite to suit.  Therefore, Anderson's bad faith claims and statutory claims are entitled to tolling during the pendency of the proceedings before the MWCC.  Conversely, Anderson's negligent

misrepresentation claim is not subject to tolling because it does not have an exhaustion requirement.

### C. AT&V's Liability For Bad Faith and Under the Insurance Code

AT&V has moved for summary judgment arguing that Texas does not recognize a duty of good faith and fair dealing between employer and employee (Def.'s Mot. Summ. J. ¶ 10 Dkt. 52) and because it has not "engaged in the business of insurance" so as to be liable under the insurance code (*id.* ¶ 15). AT&V's propositions of law are correct: no duty of good faith exists between employer and employee, *Cole v. Hall*, 864 S.W.2d 563, 568-69 (Tex. App.– Dallas 1993), and one must engage in the business of insurance to be subject to the Insurance Code, Tex. Ins. Code § 541.003. Further, AT&V has produced compelling evidence, in the form or its workers' compensation insurance policy (Dkt. 142 Ex. A.) and the affidavit of its Controller (Dkt. 142 Ex. A), establishing that it was fully insured and did not engage in the business of insurance. To date, despite extensive discovery, Anderson has not produced any evidence that AT&V was self insured, retained settlement authority or participated in claims administration. Accordingly, there is no issue of material fact to be decided by a jury, and AT&V is entitled to summary judgment.

### V. Conclusion

For the aforementioned reasons, it is

ORDERED that Defendants' motion for summary judgment (Dkt. 52) is GRANTED in part and DENIED in part; specifically, (1) Defendants' motion to for summary judgment on all of Plaintiff's claims against AT&V is GRANTED; (2) Defendants' motion for summary judgment on Plaintiff's negligent misrepresentation claims is GRANTED; and (3) Defendants' motion for

summary judgment on Plaintiff's bad faith and statutory claims against Zurich American is DENIED. It is further

ORDERED that Defendants' motion for reconsideration (Dkt. 88) is GRANTED. This case will be stayed pending a final order by the MWCC. It is further

ORDERED that Plaintiff's motion for partial summary judgment (Doc. 181) is DENIED.

SIGNED at Houston, Texas, this 26th day of March, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE